**United States District Court**
<u>**Southern District of New York**</u>

| | |
|---|---|
| **United States of America** | **Defendant's Memorandum in Opposition** |
|     - against - | |
| | **Ind. # 08 Cr 363 (BSJ)** |
| **Rasheem Richardson,** *et al,* | |
|         **Defendants** | |

_____

Defendant, **Rasheem Richardson**, respectfully submits this Memorandum of Law in Opposition to the government's proposed introduction of purported F.R.E. 404(b) evidence, and expert testimony regarding narcotics and fingerprints. Such evidence should not be admitted for any purpose whatsoever.

**A.  The F.R.E. 404(b) Evidence**

The Government proposes to introduce evidence of defendant's "April 26, 2006 **arrest** for robbery, assault, and criminal possession of a weapon", as "evidence of the defendants' intent, knowledge, plan, opportunity or absence of mistake or accident." (Govt. Let, dated 4/30/09). For the following reasons, this alleged "evidence" should be excluded.

Initially, the government failed to mention that there was **no conviction** in connection with the 2006 arrest, and indeed, the charges were eventually **dismissed**. This fact alone should render it inadmissible, based on the lack of both relevance and reliability, not to mention the unfair prejudice to defendant that would result from its admission. Moreover, the government has not provided a single detail about the facts of the arrest, or any other information to support its admission as 404(b) evidence, or to aid the Court in making a determination. There are no *indicia* of either relevance or reliability, and the so called "404(b) evidence" must be excluded. It is submitted that the admission

1

of an arrest alone would be a violation of due process and denial of a fair trial.

Under the inclusionary approach adopted by the Second Circuit, evidence of other crimes can be admissible at trial for purposes other than to demonstrate a defendant's criminal propensity. United States v. Ortiz, 857 F.2d 900, 903 (2d Cir. 1988), cert. denied 489 U.S. 1070, 109 S.Ct. 1352 (1989). But an "inclusionary view of the rule regarding other crimes and similar acts evidence . . . is by no means [a] view that such evidence is either presumed relevant or automatically admissible." United States v. Halper, 422 F.2d 432 (2d Cir. 1978).

Accordingly, before prior-act evidence can be admitted, the trial court must fully weigh whether such evidence is, in fact, being advanced for a proper purpose, Huddleston v. United States, 485 U.S. 681, 691 (1988), and it must consider certain factors.

First, to be admissible, such evidence must be relevant to the case for which the defendant is on trial. As the Second Circuit noted in United States v. Ortiz, 857 F.2d at 903, "[t]he offered evidence must also be relevant, per Rules 401 and 402, to an issue in the case. . . .".  See also United States v. Tarricone, 996 F.2d 1414, 1421 (2d. Cir. 1993).

Second, such evidence must be reliable. Thus, in determining its admissibility, the potential weakness and unreliability of proffered prior-act evidence must be evaluated by the court. "[T]he **convincingness of the evidence that other crimes were committed** is a factor that should be weighed in the decision to admit such evidence." United States v. Cole, 491 F.2d 1276, 1279 (4th Cir. 1974)(emphasis added); see also United States v. Hernandez, 795 F.2d 1035, 1041 (4th Cir. 1992).

When the Supreme Court ruled in Huddleston, supra, that the trial court need not make a preliminary finding that the prior act had been proved by a preponderance of the evidence, it went on to admonish:  "This is not to say, however, that the Government may parade past the jury a litany of potentially prejudicial similar acts that have been established or connected to the defendant only by unsubstantiated innuendo".108 S. Ct. at 1501.  That, however, is precisely what the government is attempting to do in the instant case, in order to bolster its obviously weak and tenuous "evidence" against Mr. Richardson.

The government has offered nothing to support either the "relevance" or the "reliability" of the proffered evidence, and there is thus no basis on which the Court can make any such determination. The proffered evidence must be excluded based on its lack of relevance and/or reliability.

Equally significantly, prior bad act evidence must be more probative than prejudicial within the framework of F.R.E. 403. Thus, before admitting such evidence, the trial court is required to undertake a careful analysis regarding its prejudicial effect and whether it would outweigh its probative value. United States v. Mickens, 926 F.2d 1323, 1328 (2d Cir. 1991), cert. denied, 112 S.Ct. 940 (1992); United States v. Pitre, 960 F.2d 1112, 1119 (2d Cir. 1992). To ensure that the assessment has been thorough, "[t]he trial judge has the responsibility for making sure that the record reflects the balancing of the considerations articulated in Rule 403." United States v. Foskey, 636 F.2d 517, 525, fn. 7 (D.C. Cir. 1980).

Here, the government seeks to introduce a 2006 **arrest** of the defendant "for robbery, assault, and criminal possession of a weapon" - which charges were **dismissed**. Defendant has already shown that said evidence is neither relevant nor reliable, and it therefore has no probative value at all in this case. Indeed, the only purpose its introduction would serve - and which is the government's apparently true motive in seeking same - is to attempt to show speculative propensity,

3

and thereby unfairly and improperly prejudice the defendant. For this reason also, the evidence of defendant's prior **arrest** - for which he was never tried or convicted, **and which charges were dismissed**                    -                is                inadmissible.

### B. The Expert Witness Testimony

The government also seeks to introduce testimony of several expert witnesses to testify about a variety of matters: *i.e.,* 1) one or more chemists to testify about "the composition of mixtures and substances obtained in connection with this investigation and prior narcotics arrests of the defendants, including testing techniques used to determine same; and the net weight of those mixtures and substances"; 2) fingerprint expert(s) "to establish that the defendants' fingerprints match those taken in connection with prior arrests"; 3) "a law enforcement officer specializing in narcotics to testify about the origin of crack cocaine and, specifically, the fact that cocaine is not grown or manufactured in the State of New York"; and, 4) a firearms expert to testify that the firearm recovered from under the front seat of the vehicle was manufactured outside of New York State. (Govt. Let, 5/14/09).  This is all window dressing to give the appearance that the government has something of substance in a weak case.

The only proposed testimony that arguably makes any sense is that of the firearms expert, since the interstate commerce nexus is an element, which the government must prove, of 18 U.S.C. 922(g)(1) - the felon in possession of a firearm offense - with which Khalil Williams and Robert Gonzalez, **but not Mr. Richardson,**  are charged in Counts Five and Six, respectively.

The remainder of the proposed expert testimony is frivolous, cumulative, unnecessary, prejudicial, totally irrelevant, and in fact, absurd, and should not be allowed. Not surprisingly, the government has offered no explanation as to why any such testimony should be introduced, or why it is necessary to prove the charges in the instant case. The obvious explanation is that, with respect to Mr. Richardson, the only evidence is that he was seated in the rear of a car.

4

The only purpose in seeking to introduce the testimony of the fingerprint expert is to impress upon the jury that all three defendants had prior arrests - and thereby achieve the inevitable prejudice to the defendants from having such information before the jury - and to create the false and misleading impression that such fingerprints directly relate to the incident in question. In fact, no fingerprint evidence exists in relation to the instant charges.[1]

The fingerprints taken at the time of the defendants' prior arrests have nothing to do with this case. Unless either co-defendant, Khalil Williams or Robert Gonzalez, is contesting the fact of his prior arrest and **conviction** - which serve as the basis for the felon in possession charges in Counts 5 and 6 - the fingerprint evidence is irrelevant, unnecessary, and prejudicial, and should not be allowed.  (And if it is deemed admissible against the co-defendants, then a severance from those co-defendants, or a severance of those possessory counts against them is warranted.)

The same applies to the testimony of "one or more chemists" whom the government seeks to call to testify about "the composition of mixtures and substances obtained in connection with this investigation and prior narcotics **arrests** of the **defendants**, including testing techniques used to determine the same; and the net weight of those mixtures and substances".(Govt. Let, 5/14/09)(emphasis added).  Such proposed testimony is absurd, and again, is mere fluffing, puffing, and window dressing.

To begin with, only **one** defendant in this case is charged with a narcotics offense, and that is Robert Gonzalez. Whatever "prior narcotics arrests of the [other] **defendants**" the government is obliquely referring to, or the substances involved in same, have nothing whatsoever to do with the narcotics charge against Gonzalez in the instant Indictment. Indeed, whatever substances were

---

[1] Defendant has already shown that his prior arrest in 2006 should not be introduced into evidence. See, § "A", *supra*.  Should the Court admit any such evidence against the co-defendants, defendant reserves the right to seek a severance, pursuant to F.R.Cr.P. 14.  See, § "C", *infra*.

involved in Gonzalez's own prior drug arrests also have nothing to do with the instant narcotics charge against him. Nor does the "origin of crack cocaine and...the fact that cocaine is not grown or manufactured in the State of New York" - which, for reasons known only to the prosecutors, the government also intends to establish through the testimony of a law enforcement officer specializing in narcotics. Gonzalez is charged with possession with intent to distribute crack cocaine. No interstate nexus is required to prove that most basic of narcotics charges, and wherever coca leaves are grown, whether within or outside of New York State, is of no import in the instant case.

There is no proper legal basis for the admission of any of this testimony and, indeed the government has not even offered any. It must all be excluded as irrelevant pursuant to F.R.E. 402. In this regard, it is noted that F.R.E. 403 states that even **relevant** evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence". Indeed, every one of the bases for exclusion of relevant evidence set forth in Rule 403 is present in the instant case. The argument for exclusion is intensified when the "evidence" in question has **no** demonstrated relevance. It should therefore also be excluded under the rationale of F.R.E. 403.

Clearly the government recognizes the weakness of its case and the paucity of evidence against Mr. Richardson to support any of the charges in the Indictment. So it seeks to obtain convictions by improper and unfair means and by cluttering the record with irrelevant and prejudicial information that has nothing to do with the charges in this case.  If the government believes that it cannot prove its case based on the available relevant evidence, then it should do the proper thing, and in the exercise of its *quasi*-judicial function, move to dismiss the Indictment against                                    Mr.                                    Richardson.

**C.  Severance**

Should the Court find that any testimony or other evidence regarding the prior convictions of the co-defendants is admissible, or that any of the so called "expert" testimony regarding the narcotics involved in "prior narcotics arrests of the defendants", or any testimony relating to fingerprints matching those taken in connection with prior arrests of the defendants, is admissible, defendant respectfully reserves the right to move for a severance from the two co-defendants, based on the inevitable, harmful effect of the prejudicial spillover from testimony having nothing to do with him, and the inherent danger of "guilt by association".

Mr. Richardson respectfully joins in any arguments in Opposition set forth by the co-defendants to the extent they apply to him and are not inconsistent with the facts and legal contentions set forth herein.

### Conclusion

For all of the foregoing reasons, the purported F.R.E. 404(b) evidence and the expert testimony sought to be introduced by the government must be excluded for all purposes.

**Dated:   New York, NY**
 **May 21, 2009**

**Respectfully submitted,**

 **S/**
**Louis R. Aidala**
**Attorney for Rasheem Richardson**
**546 Fifth Av.**
**New York, NY 10036**
**(212) 750 9700**